**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROBERT BOYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 09-cv-1040-MLB-DWB |
| ) | |
| NATIONAL CREDIT ADJUSTERS, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, ROBERT BOYER ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA)

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant maintains a business office and conducts business in the state of Illinois, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in the City of Biglerville, County of Adams, State of Pennsylvania.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, that Defendant is a company with a business office in the City of Hutchinson, County of Reno, State of Kansas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant began placing collection calls to Plaintiff seeking payment of an alleged debt.

12. Defendant placed calls to Plaintiff's home and place of employment.

13. Defendant continued placing calls to Plaintiff's place of employment despite being informed by Plaintiff's wife that such calls were not allowed. *See* email correspondence from Plaintiff's wife, attached hereto as Exhibit "A".

14. Defendant threatened Plaintiff that non-payment of the alleged debt was a violation of federal law.

15. When Plaintiff asked which federal law was violated by non-payment, Defendant replied "we know which."

16. Defendant threatened to garnish Plaintiff's wages if payment was not made on the alleged debt.

17. Defendant threatened Plaintiff with legal action if payment was not made on the alleged debt.

18. Defendant failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose.

19. Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy within 5 days after the Defendant's initial communication with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692a(1) of the FDCPA by communicating with Plaintiff at a place known or which should have been known to be inconvenient to Plaintiff because Defendant called Plaintiff at his place of employment after being told not to.

   b) Defendant violated §1692a(3) of the FDCPA by contacting Plaintiff at his place of employment after being told not to because such calls were not allowed.

   c) Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status of a debt because Defendant stated failure to pay the alleged debt was a violation of federal law.

d) Defendant violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages.

e) Defendant violated §1692e(5) of the FDCPA by threatening to take legal action against Plaintiff that is not intended to be taken.

f) Defendant violated §1692e(7) of the FDCPA by falsely representing that Plaintiff committed a crime because Defendant stated failure to pay the alleged debt was a violation of federal law.

e) Defendant violated §1692e(10) of the FDCPA by the use of deceptive means because Defendant threatened Plaintiff with legal action, wage garnishment and that non-payment violated federal law.

f) Defendant violated §1692e(11) of the FDCPA by failing to disclose in its initial communication with Plaintiff that it was attempting to collect a debt and that any information obtained would be used for that purpose.

g) Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to

the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. *See* Exhibit "B".

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant for the following:

22. Declaratory judgment that the Defendant's conduct violated the FDCPA.

23. Actual damages.

24. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _s/ Patrick Cuezze_____
Patrick Cuezze
Kansas Bar No. 19766
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, IL 60602
pcuezze@consumerlawcenter.com
(312) 578-9428
(866) 802-0021 (fax)
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT BOYER, hereby demands trial by jury in this action. The designation of place of trial is Wichita, Kansas.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF PENNSYLVANIA)

Plaintiff, ROBERT BOYER, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT BOYER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/20/2009

ROBERT BOYER,
Plaintiff

VERIFIED COMPLAINT                                          6

# EXHIBIT A

**From:** Cigarmanbob@aol.com
**Sent:** Monday, January 19, 2009 7:22 PM
**To:** Hill, Adam
**Subject:** NCA calls to Robert Boyer's Employer

I am Robert's Supervisor (and) Spouse and we both work in the same Department at Rite Aid Corp. Over the past several weeks N.C.A. called twice and both times they identified themselves as National Credit Adjusters and both times they claimed the work number was the only contact number they had (this is not true since they have called our home) Both times I told them not to call work as such calls were not allowed. the second time they did state they will not call any more and I informed them no further calls would be accepted Thanks
PAMELA A. BOYER

---

**Inauguration '09**: Get complete coverage from the nation's capital.

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES ~~NO~~
2. Fear of answering the telephone — YES ~~NO~~
3. Nervousness — YES ~~NO~~
4. Fear of answering the door — YES ~~NO~~
5. Embarrassment when speaking with family or friends — YES ~~NO~~
6. Depressions (sad, anxious, or "empty" moods) — YES ~~NO~~
7. Chest pains — YES ~~NO~~
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES ~~NO~~
10. Appetite and/or weight loss or overeating and weight gain — YES ~~NO~~
11. Thoughts of death, suicide or suicide attempts — YES ~~NO~~
12. Restlessness or irritability — YES ~~NO~~
13. Headache, nausea, chronic pain or fatigue — YES ~~NO~~
14. Negative impact on my job — YES ~~NO~~
15. Negative impact on my relationships — YES ~~NO~~

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Currently seeking medical attention taking medication (Lamictal) for irritability

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/20/

Signed Name

Robert Boyer
Printed Name